UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MONICA I.,[1]

      **Plaintiff,**

  v.                              Civil Action 2:24-cv-3699
                                      Chief Judge Sarah D. Morrison
**COMMISSIONER OF SOCIAL**        Magistrate Judge Chelsey M. Vascura
**SECURITY,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, Monica I. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 7), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply Memorandum (ECF No. 13), and the administrative record (ECF No. 6). For the reasons below, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

                                      I.      **BACKGROUND**

Plaintiff protectively filed her application for Title II disability insurance benefits on March 4, 2022, alleging that she became disabled on March 2, 2022. After Plaintiff's

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

applications were denied at the initial and reconsideration levels, an administrative law judge ("ALJ") held a telephone hearing on April 20, 2023, and issued an unfavorable determination on August 4, 2023. That unfavorable determination became final on May 14, 2024, when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination. Plaintiff asserts two contentions of error: (1) the ALJ failed to evaluate the supportability of the state agency reviewers' opinions; and (2) the ALJ impermissibly interpreted objective medical evidence in functional terms. Both contentions of error lack merit.

## II. THE ALJ'S DECISION

The ALJ issued his decision on August 4, 2023, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 22–36.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity since March 2, 2022, the alleged disability onset date. (*Id.* at 24.) At step two, the ALJ found that

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Plaintiff had the severe impairments of tendinitis status post elbow surgery, herniated disc in the cervical spine, arthritis, degenerative disc disease of the lumbar spine, and an anxiety disorder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 25–27.) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to frequent pushing and/or pulling with the right upper extremity. She is limited to occasional reaching overhead with the right upper extremity, and she is able to frequently reach in all other direction with the right upper extremity. She is able to handle items frequently with the right hand. She is limited to no climbing of ladders, ropes, or scaffolds with occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs. She is limited to no work at unprotected heights, around moving mechanical parts, or operating a motor vehicle. She is limited to no work at a production- rate pace. She is able to tolerate few changes in a routine work setting.

(*Id.* at 27.) The ALJ then relied on the hearing testimony of a Vocational Expert ("VE") at steps four and five to conclude that Plaintiff was unable to perform any past relevant work, but that there are other jobs existing in significant numbers in the national economy that an individual with Plaintiff's age, education, work experience, and residual functional capacity could perform, such as order clerk, addresser, and polisher. (*Id.* at 34–36.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (*Id.* at 36.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014)

---

[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

3

(cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Even so, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

As set forth above, Plaintiff raises two contentions of error: (1) the ALJ failed to evaluate the supportability of the state agency reviewers' opinions; and (2) the ALJ impermissibly interpreted objective medical evidence in functional terms. The undersigned considers each contention of error in turn.

**A.     The ALJ's error in failing to discuss supportability was harmless.**

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in a his or her case file. *Id*. The governing regulations[4] describe five categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)–(5). When evaluating medical opinions, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. §§ 404.1520c(b)(2); 416.920c(b)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she need not do so. *Id*. If, however, an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

---

[4] Plaintiff's application was filed after March 27, 2017. Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).

5

Here, the ALJ's RFC analysis relied in part on the opinions of state agency reviewing physicians Drs. Sarah Garon and Leon Hughes and state agency reviewing psychologists Drs. Courtney Zeune and Karla Delcour:

> The opinions of Drs. Sarah Garon and Leon Hughes, non-examining physicians with the Division of Disability Determination (DDD), are mostly persuasive (Exhibits 1A and 3A). Drs. Garon and Hughes opined the claimant was limited to a reduced range of light work with frequent pushing and/or pulling in the right upper extremity, frequent crawling, occasional climbing of ladders, ropes or scaffolds, and frequent reaching and handling with the right upper extremity (Exhibits 1A and 3A). The opinions of Drs. Garon and Hughes are mostly supported by and consistent with the record, which demonstrates adequate functioning on examination despite the claimant's subjective complaints (Exhibits 1F-27F). The claimant consistently presents with relatively good strength on examinations, including with respect to her grip, and she generally presents with an adequate gait without use of an assistive device, which supports the opinions of Drs. Garon and Hughes (Exhibits 1F-27F). Reported activities, such as walking her dog, pushing her son's wheelchair, lifting grandchildren or boxes, and preparing holiday meals, further supports the restrictions opined (e.g. Exhibits 4F/59; 9F/1, 11; 18F/17). In her function report, she acknowledged that she was able to lift ten pounds and walk a mile with no standing difficulties, which is also generally consistent with the opinions of Drs. Garon and Hughes (Exhibit 6E/6). However, when giving the claimant the full benefit of the doubt with respect to her subjective complaints, and considering her handicap placard, I found that a reduction to sedentary work is more appropriate (Exhibits 1F-27F). Thus, the opinions of Drs. Garon and Hughes are mostly persuasive.
>
> The opinions of Drs. Courtney Zeune and Karla Delcour, non-examining psychologists with the DDD, are somewhat persuasive (Exhibits 1A and 3A). Drs. Zeune and Delcour opined the claimant had no limitations in interacting with others or understanding, remembering, or applying information with moderate limitations in adapting or managing oneself and in concentrating, persisting, or maintaining pace (Exhibits 1A and 3A). The claimant was able to work within a set routine where major changes are explained in advance and gradually implemented to allow the claimant time to adjust to new expectations (Exhibits 1A and 3A). Her ability to handle routine stress and pressure in the workplace would be reduced, but it is adequate to handle tasks without strict time limitations or production standards (Exhibits 1A and 3A). She can adapt and manage in a structured and predictable work setting where changes are explained in advance and gradually introduced (Exhibit 1A and 3A). The opinions of Drs. Zeune and Delcour are somewhat supported by and consistent with the record, which demonstrates adequate mental functioning on examination with only conservative treatment with medication from her primary care provider (Exhibits 1F-27F). On examination, her affect was appropriate (e.g. Exhibit 20F/5). She was engaged and cooperative (e.g. Exhibit 20F/5). Insight and judgment were intact (e.g. Exhibit 20F/5). Cognitive

6

> functioning and general knowledge were intact (e.g. Exhibit 20F/5). Such findings support an ability to perform work activity within the limitations opined; however, they do not support a need for changes to be explained in advance or gradually implemented, which were not adopted. I also note Drs. Zeune and Delcour used some language that is vague and not vocationally defined, and such language was not adopted. As such, the opinions of Drs. Zeune and Delcour are somewhat persuasive.

(R. 33–34.)

The undersigned agrees that this discussion does not articulate the ALJ's evaluation of the supportability of the state agency reviewers' opinions. Although the ALJ states several times that the opinions are "supported" by the record to varying degrees, the ALJ in those instances is functionally discussing the *consistency* factor, not the supportability factor. Consistency refers to the degree to which a medical source's opinion agrees "with the evidence from other medical sources and nonmedical sources in the claim," while supportability refers to the degree to which a medical source presents relevant, objective medical evidence and supporting explanations to support his or her opinion. *See* 20 C.F.R. § 1520c(c)(1)–(2). The ALJ's discussion is notably lacking as to any supporting evidence or explanations presented by the state agency reviewers in support of their opinions. Because the regulations require an ALJ to articulate how he or she considered the supportability factor for each medical source's opinion, the ALJ's failure to discuss supportability for the state agency reviewers' opinions was error. *See* 20 C.F.R. § 1520c(b)(2) (requiring ALJs to explain how they consider the supportability factor); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) ("It is an elemental principle of administrative law that agencies are bound to follow their own regulations.").

Yet the ALJ's error does not necessarily warrant reversal. Generally, federal courts review decisions of administrative agencies for harmless error. *Rabbers*, 582 F.3d at 654–55. Accordingly, "an agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial

7

rights because of the agency's procedural lapses." *Connor v. United States Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983). Plaintiff has not explained how she was prejudiced by the ALJ's failure to articulate his supportability analysis. She has not, for instance, argued that the state agency reviewers' opinions were not, in fact, supported; nor has she identified other evidence in the record that would warrant a more restrictive RFC. Indeed, the ALJ only partly relied on the state agency reviewers' opinions and in several instances imposed RFC limitations that were *more* restrictive than those opined by the state agency reviewers. (*See* R. 27, 33–34) (limiting Plaintiff to sedentary rather than light work and imposing more restrictive limitations on crawling, climbing, and reaching). The undersigned therefore finds any error by the ALJ in failing to articulate his supportability analysis to be harmless. *See Elaine S. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-240, 2023 WL 6290070, at *3 (S.D. Ohio Sept. 27, 2023) (finding error in supportability articulation to be harmless when the plaintiff failed to identify evidence conflicting with the reviewers' opinions); *Todd J. v. Comm'r of Soc. Sec.*, No. 3:22-CV-324, 2023 WL 6533824, at *8 (S.D. Ohio Oct. 6, 2023), *report and recommendation adopted sub nom. Jacobs v. O'Malley*, 2024 WL 770903 (S.D. Ohio Feb. 26, 2024) (same); *Tracy F. v. Comm'r of Soc. Sec.*, No. 2:23-CV-00188, 2023 WL 8614065, at *7 (S.D. Ohio Dec. 13, 2023), *report and recommendation adopted*, 2024 WL 689322 (S.D. Ohio Feb. 20, 2024) ("In the absence of identifying *any* specific limitation that Dr. Rowland supported that the ALJ omitted, Plaintiff can show no prejudice even if the ALJ's articulation of the 'supportability' and 'consistency' factor was overly cursory.").

**B.**   **The ALJ did not impermissibly interpret objective medical evidence in functional terms.**

Plaintiff next objects to the ALJ's consideration of several months' worth of medical records that postdated any reviewing source's opinion. Plaintiff argues that because ALJs may

8

not substitute their own lay judgment for that of medical sources or interpret raw medical data in functional terms, the ALJ was required to further develop the record by soliciting the opinion of another medical expert, ordering a consultative examination, or sending the new medical records back to the state agency reviewing physicians for an updated assessment. The undersigned disagrees.

First, the premise of Plaintiff's argument on this point is incorrect. The ALJ, not medical sources, has the final responsibility for deciding issues like residual functional capacity. 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."); *see also Reinartz v. Comm'r of Soc. Sec.*, 795 F. App'x 448, 449 (6th Cir. 2020) (upholding Commissioner's decision where the plaintiff "contend[ed] that an ALJ may not make a work-capacity finding without a medical opinion that reaches the same conclusion," finding "the premise" of that position "is wrong"). The regulations do not require an ALJ to rely solely upon medical opinions when formulating a residual functional capacity; rather, they explicitly require an ALJ to evaluate medical opinions based on their supportability, with reference to objective medical evidence and supporting explanations, and their consistency with other medical and non-medical source evidence. 20 C.F.R. § 1520c(c)(1)–(2). "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).

Second, Plaintiff's suggestions for why the case should be remanded—for a consultative examination or the seeking out Plaintiff's treating physician for additional information—do not show error by the ALJ. "An ALJ has discretion to determine whether further evidence, such as

9

additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (*citing* 20 C.F.R. §§ 404.1517, 416.917.) It is certainly not the case that further review or examination by a medical expert is necessary every time new medical records are generated after the most recent reviewing source has issued an opinion. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) ("McGrew also argues that the ALJ improperly relied on the state agency physicians' opinions because they were out of date and did not account for changes in her medical condition. It is clear from the ALJ's decision, however, that he considered the medical examinations that occurred after [the state agency physician's] assessment . . . and took into account any relevant changes in McGrew's condition."); *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (affirming the Magistrate Judge's decision which noted that "[t]here will always be a gap between the time the agency experts review the record and . . . the time the hearing decision is issued. Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand."). Plaintiff does not argue that the ALJ reached any incorrect conclusions in considering the more recent medical evidence or that any limitations warranted by the more recent medical evidence were not accounted for by the RFC; she merely challenges the ability of the ALJ to independently review that evidence at all. As explained above, that argument is not well taken.

Accordingly, the undersigned finds no error with the ALJ's consideration of medical records that postdate the reviewing sources' opinions.

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is

**RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*  
CHELSEY M. VASCURA  
UNITED STATES MAGISTRATE JUDGE